OPINION AND ORDER
A Petition for Review has been granted, the matter has been fully briefed and is now ready for ruling.
Appellant Lucille Holen, (“Mrs. Holen”), seeks review of a December 8, 2008 Tribal Trial Court decision entered in favor of Appellee Clint Casterline, (“Mr. Caster-line”). Mrs. Holen contends the decision is not based on substantial evidence and the Tribal Trial Court erred in its interpretation of the law regarding burden of proof and award of attorney fees under Title VIII, § 809, Fort Peck Code Comprehensive Code of Justice, (“CCOJ”). The trial court granted Mrs. Holen’s Motion to Stay its decision pending appeal.
We affirm in part and reverse in part in accordance with the following.
Our Standard of Review for appeals is stated in Title II, § 202, CCOJ:
The jurisdiction of the Court of Appeals shall extend to all appeals from final orders and judgments of the Tribal Court. The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of evidence.
Thus, while the law authorizes us to review the trial court’s decision to determine if it is supported by substantial evidence, we do not substitute our judgment for that of *260 the trial eourt on its rulings based on the evidence presented at trial. By contrast, we do review fully, without deference, the trial court's legal rulings on the law. The first issue on appeal is whether or not the trial eourt decision was supported by substantial evidence. This Court reviewed the transcripts of proceedings. We find sufficient evidence was presented to the trial court to support its determination, supported by specific factual findings, that Mr. Casterline did prove his claim, based in contract, concerning the 2005 hay and did not prove his claim concerning the 2004 hay. While the testimony at trial was conflicting, adequate, 'credible evidence was presented for the trial court to rule in favor of Mr. Casterline on his claim for the 2005 hay. In these circumstances, the law does not support our substituting our judgment for the trial judge who saw and heard the evidence presented at trial and found Mr. Casterline met the legal burden of proof. We find the factual determinations of the trial court to be supported by substantial evidence. We affirm the trial court’s decision awarding $6195 to Mr. Casterline for the value of the 2005 hay.
The second issue presented on appeal is that of the legal basis for the award of attorneys’ fees. The trial court awarded Mr. Casterline $500 in attorneys’ fees. Title VIII, § 309, CCOJ provides in relevant part: “Costs shall include ..., exclusive of attorneys’ fees to the prevailing party in a civil suit unless the Court determines that the case has been prosecuted or defended solely for harassment and without any reasonable expectation of success.” The trial court decision does not contain a court determination supporting the award of attorneys’ fees. Nor does the record support a determination that Mrs. Holen’s defense of this matter warrants the award of attorneys’ fees to Mr. Casterline. We reverse the trial court’s decision awarding attorneys’ fees to Mr. Casterline.
Therefore, IT IS HEREBY ORDERED that the Tribal Trial Court’s Order is affirmed in part and reversed in part and the Stay of Proceedings issued on December 22, 2008 is vacated.